**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 PENSION FUND; INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 WELFARE FUND; INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 ANNUITY FUND; INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS LOCAL 17 JOINT APPRENTICESHIP, TRAINING, AND RECORD KEEPING TRUST; THE LABOR MANAGEMENT COOPERATIVE TRUST; and INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ALLIED WORKERS, LOCAL 17 OF CHICAGO, ILLINOIS, <br><br> Plaintiffs, <br><br> vs. <br><br> NORTHWEST MECHANICAL INSULATION CO., an Illinois Corporation; and ROBIN RODEN, an Individual, <br><br> Defendants. | NO. 18-cv-8478 <br><br> JUDGE: <br><br> MAGISTRATE JUDGE: |

**COMPLAINT**

NOW COME the Plaintiffs, the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 PENSION FUND, the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 WELFARE FUND, the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 ANNUITY FUND, the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS LOCAL 17 JOINT APPRENTICESHIP, TRAINING, AND RECORD KEEPING TRUST (collectively "Trust Funds"), the LABOR MANAGEMENT COOPERATIVE TRUST ("LMCT"), and the INTERNATIONAL ASSOCIATION OF HEAT AND FROST

1

INSULATORS AND ALLIED WORKERS, LOCAL 17 OF CHICAGO, ILLINOIS ("Local 17"), by and through their attorneys, JOHNSON & KROL, LLC, and complain of the Defendants NORTHWEST MECHANICAL INSULATION CO. ("Northwest") and ROBIN RODEN ("Roden"), as follows:

## JURISDICTION AND VENUE

1. Count I of this action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145 as well as 28 U.S.C. § 1331.

2. Count II of this action arises under an executed Post-Judgment Agreement between Northwest, Roden, the Trust Funds, LMCT, and Local 17. The Post-Judgment Agreement involved repayment of a judgment entered in Case No. 18-cv-3942 against Northwest and on behalf of the Trust Funds and Local 17. The Court has supplemental jurisdiction over the subject matter in this action pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) in that the Trust Funds, are administered at 18520 Spring Creek Drive, Tinley Park, Illinois 60477, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

4. The Trust Funds receive contributions from numerous employers pursuant to the Collective Bargaining Agreements between the employers and Local 17, and therefore are multiemployer plans under 29 U.S.C. § 1002.

5. The LMCT is a Labor Management Cooperation Committee administered in Tinley Park, Illinois.

6. Local 17 is the bargaining representative of Defendant Northwest's bargaining unit employees.

7. Roden is an individual with her principal residence in Huntley, Illinois.

8. Defendant Northwest is an Illinois corporation with its principal place of business located in Crystal Lake, Illinois.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

9. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. Northwest is an employer engaged in an industry affecting commerce that agreed to be bound by the provisions of the Collective Bargaining Agreement ("CBA") negotiated between Local 17 and the Illinois Regional Insulation Contractors Association, Inc. for all times relevant to this action. (A copy of the Agreement of Consent is attached as **Exhibit 1**); (A copy of the CBA is attached as **Exhibit 2**).

11. Through the Post-Judgment Agreement, Roden agreed that she is personally bound by the CBA and that she is an employer for purposes of 29 U.S.C. § 1145. (A copy of the Post-Judgment Agreement is attached as **Exhibit 3**).

12. Through the CBA referred to in Paragraphs 10 and 11, Northwest and Roden also became bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as the "Trust Agreements").

13. Pursuant to the provisions of the CBA and the Trust Agreements, Northwest and Roden are required to make monthly reports of hours worked by its bargaining unit employees

(hereinafter referred to as "monthly Contribution Reports") and pay contributions to the Trust Funds and LCMT for each hour worked pursuant to the CBA at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the twentieth (20th) day of the calendar month following the calendar month during which the work was performed.

14. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the Trust Funds and LMCT on or before the twentieth (20th) day of each month are responsible for the payment of liquidated damages equal to 10% of the amount unpaid; in the event payment is not made by the thirtieth (30th) day of the month, an additional 10% in liquidated damages for each fund is assessed on the unpaid amount.

15. Pursuant to the terms of the CBA, Northwest and Roden are required to deduct union dues assessed at 3.5% of each covered employee's total wage and contribution package from its employees' paychecks and remit payment of those dues to Local 17.

16. Pursuant to the Post-Judgment Agreement, Roden agreed to be personally liable for all ongoing contributions, liquidated damages, and attorney's fees that become due and owing during the duration of the Post-Judgment Agreement. (**Exhibit 3**).

17. Northwest and Roden failed to submit its monthly Contribution Reports and contributions for the months of October 2018 and November 2018. As a result, Northwest and Roden owe contributions and liquidated damages in an unknown amount.

18. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing the Plaintiffs from Northwest and Roden.

19. Plaintiffs have complied with all conditions precedent in bringing this suit.

20. Northwest and Roden are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter an Order requiring Northwest to submit its monthly Contribution Reports for the months of October 2018 and November 2018;

B. That this Honorable Court enter Judgment in favor of Plaintiffs and against Northwest and Roden, jointly and severally, in an unknown amount for all unpaid contributions, union dues, and liquidated damages revealed to be owing in the monthly Contribution Reports for October 2018 and November 2018;

C. That this Honorable Court enter Judgment in favor of Plaintiffs and against Northwest and Roden, jointly and severally, for any other amounts discovered to be due and owing to Plaintiffs by Northwest and Roden in addition to those identified in paragraphs B and C above;

D. That Northwest and Roden, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Northwest and Roden's cost, pursuant to 29 U.S.C. §1132(g)(2)(D).

## COUNT II
## BREACH OF THE POST-JUDGMENT AGREEMENT

21. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-20 of this Complaint with the same force and effect as if fully set forth herein.

22. Roden is the President of Northwest.

23. On October 25, 2018, the Honorable Judge Marvin E. Aspen entered judgment in Case No. 18-cv-3942 on behalf of the Trust Funds and Local 17 and against Northwest in the amount of $60,892.43 for the balance of a previously executed Installment Payment Agreement, unpaid contributions, liquidated damages, and attorney's fees and costs.

24. On October 18, 2018, Northwest and Roden, individually as a guarantor, entered into a Post-Judgment Agreement with the Plaintiffs. (**Exhibit 3**).

25. The Post-Judgment Agreement called for Northwest and Roden to make thirty (30) installment payments to the Plaintiffs in the amount of $2,190.84, which represented repayment of the $60,892.43 judgment with an interest rate of 6.00% per annum, compounded monthly.

26. Pursuant to the Post-Judgment Agreement, the installment payments were to be paid to the Plaintiffs by the first (1st) of the month.

27. Pursuant to the Post-Judgment Agreement, any installment payments not received by the first (1st) of the month shall constitute a default of the Post-Judgment Agreement.

28. Northwest and Roden failed to remit the installment due on December 1, 2018, by that date.

29. The Post-Judgment Agreement called for Northwest and Roden to submit monthly contributions reports and contribution payments for the periods subsequent to Post-Judgment Agreement in a timely manner.

30. Northwest and Roden have failed to submit monthly contribution reports and contributions for October 2018 and November 2018.

31. As a result of Northwest and Roden's failure to pay installment due on December 1, 2018 by that date, and Northwest and Roden's failure to remit monthly contribution reports and contribution payments for October 2018 and November 2018, the remaining installments and a balance of $59,006.05 is now due and owing under the Post-Judgment Agreement.

32. Furthermore, pursuant to the Post-Judgment Agreement, Northwest and Roden are liable for liquidated damages in the amount of $5,900.61 along with the Plaintiffs' attorney's fees and costs incurred when enforcing the Post-Judgment Agreement.

33. Plaintiffs' have complied with all conditions precedent in bringing this suit.

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter Judgment in favor of Plaintiffs and against Roden in the amount of $59,006.05, representing the principal balance due under the Post-Judgment Agreement;

B. That this Honorable Court enter Judgment in favor of Plaintiffs and against Roden in the amount of $5,900.61 for liquidated damages owed on the defaulted Post-Judgment Agreement;

C. That Roden be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D); and

D. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Roden's cost, pursuant to 29 U.S.C. §1132(g)(2)(D).

Respectfully Submitted,

**INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 PENSION FUND** *et al.*

/s/ William M. Blumthal, Jr. - 6281041
One of Plaintiffs' Attorneys

William M. Blumthal, Jr.
**JOHNSON & KROL, LLC**
311 S. Wacker Drive, Suite 1050
Chicago, IL 60606
(312) 757-5477